UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY KORTHALS,

    Plaintiff,                              Case No. 17-10319

v.                                            HON. GEORGE CARAM STEEH

COUNTY OF HURON and
BRADLEY STROZESKI,
in his individual and official capacity,

    Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 52)

Following a remand from the Court of Appeals for the Sixth Circuit, Defendant Huron County seeks summary judgment on Plaintiff's municipal liability claim. Because the Sixth Circuit's decision granting qualified immunity to Defendant Bradley Strozeski also necessitates the dismissal of Plaintiff's municipal liability claim against Huron County, the court will grant Defendant's motion.

BACKGROUND FACTS

Plaintiff Tammy Korthals filed this action on February 1, 2017, alleging that Defendant Bradley Strozeski violated her Eighth and/or Fourteenth Amendment rights after she was injured while in custody at the

-1-

Huron County Jail.  Plaintiff also alleged a municipal liability claim against Huron County.

At the time of incident in question, Deputy Strozeski was walking Korthals, who was extremely intoxicated, through the jail to be booked. Korthals was handcuffed and unsteady on her feet.  Without taking any precautions to steady her, Strozeski walked slightly ahead of Korthals down the hallway and mounted a set of concrete stairs.  Korthals followed and fell backwards down the stairs, seriously injuring herself.

Strozeski and Huron County moved for summary judgment, which the court denied, finding that Strozeski knew of and disregarded a serious risk of harm.  The court denied qualified immunity for Strozeski and found that Huron County's lack of training or policies regarding the transport of intoxicated individuals raised a question of fact regarding municipal liability. Strozeski appealed the denial of qualified immunity, and the Sixth Circuit reversed, finding that he did not violate a clearly established constitutional right.  *See Korthals v. County of Huron*, 797 Fed. Appx. 967 (6th Cir. Jan. 13, 2020).  Although the Sixth Circuit noted that Strozeski's failure to exercise caution in taking Korthals up the stairs was "unreasonable, inexcusable, and, in fact, negligent," it found it "less clear" that his actions met the standard of deliberate indifference.  *Id.* at 969-70.  Assuming

"arguendo" that the standard was met, the court concluded that Strozeski was entitled to qualified immunity because existing precedent did not forewarn him that his failure to take precautions in assisting Korthals up the stairs would violate her constitutional rights.  *Id.* at 972.

The Sixth Circuit did not consider Huron County's appeal, noting that "a routine denial of a motion for summary judgment is not an appealable final order under 28 U.S.C. § 1291."  *Id.* at 973.  The court further explained that "[o]ur resolution of Deputy Strozeski's qualified-immunity appeal does not necessarily resolve the municipal liability claim against Huron County."  *Id.*  Huron County now moves for summary judgment, contending that Plaintiff's municipal liability claim cannot survive in light of the Sixth Circuit's ruling on the qualified immunity issue.

## LAW AND ANALYSIS

Plaintiff's claim against Huron County is based upon the county's failure to train officers in how to safely transport intoxicated individuals and the lack of policies or procedures addressing the issue.  In order to establish municipal liability under § 1983, a plaintiff must point to a municipal policy or custom that is behind the constitutional violation.  See *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 690 (1978).  One way a plaintiff may show a municipal policy or custom is to

demonstrate a policy of inadequate training. *See Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015). "To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). To demonstrate deliberate indifference in this context, Plaintiff must show that the county failed to act in response to repeated complaints of constitutional violations by its officers, or that it failed "to provide adequate training in light of foreseeable consequences that could result from a lack of instruction." *Winkler v. Madison Cty.*, 893 F.3d 877, 903 (6th Cir. 2018).

The court previously ruled that Plaintiff had raised a question of fact regarding her municipal liability claim. Defendant argues that the court should now dismiss this claim, in light of the Sixth Circuit's ruling that Deputy Strozeski did not violate Korthals's clearly established constitutional rights. Indeed, "a municipal policymaker cannot exhibit fault rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established." *Hagans v. Franklin Cty. Sheriff's Office*, 695 F.3d 505, 511 (6th Cir. 2012).

Plaintiff argues that the Sixth Circuit's grant of qualified immunity to Deputy Strozeski is not fatal to her municipal liability claim, because municipalities are not entitled to qualified immunity. *See Owen v. Independence*, 445 U.S. 622 (1980); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). It is true that a grant of qualified immunity to an individual defendant does not necessarily foreclose a municipal liability claim. Nonetheless, whether a right is clearly established is relevant to both individual qualified immunity and certain municipal liability claims. *See Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 994-95 (6th Cir. 2017).

The Sixth Circuit elaborated on the different types of municipal liability claims, and how such claims are affected by the dismissal of the individual officer, in *Arrington-Bey*. The plaintiff's claim in *Arrington-Bey*, similar to Plaintiff's here, relied on the absence of a policy and the failure of the municipality to train its officers about mental health care for arrestees. *Id.* at 995. With respect to the individual officers, the Sixth Circuit found the right in question was not clearly established. This finding, in a failure-to-train case, also served to preclude the plaintiff's municipal liability claim. The court reasoned:

> When an injury arises directly from a municipal act – such as firing a city official without due process, *see Owen v.*

> *City of Indep.*, 445 U.S. 622, 629, 638, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), or ordering police to enter a private business without a warrant, *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 474, 484-85, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) – the violated right need not be clearly established because fault and causation obviously belong to the city. But when a municipality's alleged responsibility for a constitutional violation stems from an employee's unconstitutional act, the city's failure to prevent the harm must be shown to be deliberate under "rigorous requirements of culpability and causation." *The violated right in a deliberate-indifference case thus must be clearly established because a municipality cannot deliberately shirk a constitutional duty unless that duty is clear*.

*Id.* at 994-95 (citations omitted) (emphasis added). The court further noted that "requiring that the right be clearly established does not give qualified immunity to municipalities; it simply follows [the Supreme Court's] demand that deliberate indifference in fact be deliberate." *Id.*; *see also Brennan v. Dawson,* 2017 WL 3913019, at *5 (E.D. Mich. Sept. 7, 2017), *aff'd*, 752 Fed. Appx. 276 (6th Cir. 2018), *cert. denied*, 2020 WL 3146681 (U.S. June 15, 2020).

    Here, Plaintiff is not alleging an injury arising directly from a municipal act, as in *Owen* or *Pembaur*. Rather, she alleges that her injury arose from a failure to train and the absence of a municipal policy regarding the handling of intoxicated detainees, similar to the plaintiff's claim in *Arrington-Bey*. With this type of municipal liability claim, Plaintiff "must show that the allegedly violated right was clearly established." *Arrington-Bey*, 858 F.3d at

995. The Sixth Circuit has ruled that any right potentially violated by Deputy Strozeski was not clearly established, which "spells the end of this *Monell* claim." *Id.* Therefore, summary judgment in favor of Huron County is appropriate.

Plaintiff has petitioned for certiorari to the Supreme Court, which adds a wrinkle to the disposition of this case.[1] Statistically, the petition is unlikely to be granted, as the Supreme Court accepts 100-150 cases from the 7,000 petitions filed each year.[2] However, if the Court accepts Plaintiff's case with respect to her claim against Deputy Strozeski, its decision may impact Plaintiff's claim against Huron County, for the reasons explained above. As a result, Plaintiff seeks a stay of proceedings.

To obtain a stay, "[a]n applicant must demonstrate: (1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the [Supreme] Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed." *Packwood v. Senate*

---

[1] The petition does not divest this court of jurisdiction. *See Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2012 WL 3109423, at *2 (E.D. Mich. July 31, 2012); *United States ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016).

[2] https://www.uscourts.gov/about-federal-courts/educational-resources/about-educational-outreach/activity-resources/supreme-1.

*Select Comm. on Ethics*, 510 U.S. 1319, 1319-20 (1994).  Plaintiff has not addressed the likelihood that certiorari would be granted, which is exceedingly slim.  Nor has Plaintiff persuasively addressed the likelihood that the Sixth Circuit's decision would be reversed.  As for irreparable harm, Plaintiff argues that if the court were to dismiss her claim against Huron County, she would be harmed because the statute of limitations has run and she would be unable to re-file her case in the event she was successful in the Supreme Court on her claim against Deputy Strozeski.  Plaintiff cites no authority, however, for the proposition that she would be required to re-file her complaint in the event she received a favorable ruling in the Supreme Court.  Rather, if she is successful in the Supreme Court, the matter would be remanded and the judgment in favor of Strozeski would be vacated.  Plaintiff could then move to vacate the judgment in favor of Huron County pursuant to Rule 60(b)(5), because it was "based on an earlier judgment that has been reversed or vacated."  Fed. R. Civ. P. 60(b)(5).  Plaintiff has not demonstrated that she will be irreparably harmed if the court grants summary judgment in favor of Huron County and enters judgment in favor of the defendants.  Accordingly, the court declines to issue a stay.

ORDER

IT IS HEREBY ORDERED that Defendant Huron County's motion for summary judgment (ECF No. 52) is GRANTED. The court will enter judgment in favor of Huron County and Deputy Strozeski, consistent with the mandate issued by the Sixth Circuit.

Dated: September 3, 2020

s/GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 3, 2020, by electronic and/or ordinary mail
.
s/Brianna Sauve
Deputy Clerk